People v Campbell (2023 NY Slip Op 50789(U))

[*1]

People v Campbell (Dwyan)

2023 NY Slip Op 50789(U)

Decided on July 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, LOURDES M. VENTURA, JJ

2021-350 Q CR

The People of the State of New York, Appellant,
against
Dwyan R. Campbell, Respondent. 

Queens County District Attorney (Johnnette Traill, Nancy Fitzpatrick Talcott and Andrew Z. Wu of counsel), for appellant.
New York City Legal Aid Society (Harold V. Ferguson, Jr. of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Scott A. Dunn, J.), dated May 27, 2021. The order granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds.

ORDERED that the order is affirmed.
Insofar as is relevant to this appeal, on October 9, 2020, defendant was charged in an accusatory instrument with resisting arrest (Penal Law § 205.30), failure to obey a traffic-control device (Vehicle and Traffic Law § 1110 [a]), failure to use flashing signals when a vehicle is stopped or disabled on a public highway (Vehicle and Traffic Law § 1163 [e]), driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]), aggravated driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2-a] [a]), and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). On December 11, 2020, the People filed an off-calendar statement of readiness (SoR) that did not include a CPL 30.30 (5-a) certification of the facial sufficiency of the accusatory instrument. 
By notice of motion dated March 31, 2021, defendant moved to dismiss the accusatory instrument on statutory speedy trial grounds, arguing that the People's December 11, 2020 SoR was invalid because it lacked the CPL 30.30 (5-a) certification. The People opposed the motion. [*2]By order dated May 27, 2021, the Criminal Court (Scott A. Dunn, J.) granted defendant's motion after finding 124 chargeable days, more than the 90 days allotted to the People to be ready for trial, where, as here, the top charge was a class A misdemeanor (see CPL 30.30 [1] [b]; Penal Law § 205.30; Vehicle and Traffic Law § 1193 [1] [b]). The Criminal Court accepted defendant's argument that the People's December 11, 2020 SoR was invalid pursuant to CPL 30.30 (5-a).
On appeal, the People argue that CPL 30.30 (5-a) does not specify when they must certify the facial sufficiency of the accusatory instrument and, therefore, the Criminal Court should have allowed them to file a 5-a certification after the December 11, 2020 SoR, which certification would retroactively validate the SoR.
For the reasons stated in People v Ward (— Misc 3d &mdash, 2023 NY Slip Op 50688[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]), because the People did not file a 5-a certification before the expiration of their statutory speedy trial time, the Criminal Court correctly granted defendant's motion to dismiss the accusatory instrument on statutory speedy trial grounds (see also People v Barahona, — Misc 3d &mdash, 2023 NY Slip Op 50687[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]).
Accordingly, the order is affirmed.
MUNDY, J.P., OTTLEY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2023